UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KRISTINA R. KLOSIN, as Administrator of
the Estate of Christopher J. Klosin, Deceased

NANCY MANGINE, as Executrix of the
Estate of Roger Mangine, Deceased

**DECISION and ORDER**

1:19-CV-00109-EAW-MJR

Plaintiffs,

v.

E.I. DU PONT DE NEMOURS and COMPANY, *et al.*

Defendants.

---

This case has been referred to the undersigned by the Hon. Elizabeth A. Wolford pursuant to 28 U.S.C. §636(b)(1) for supervision of discovery and procedural matters and to handle all non-dispositive pre-trial motions and applications.

## BACKGROUND[1]

On August 5, 2018, plaintiff Kristina R. Klosin, as Administrator of the Estate of Christopher J. Klosin, ("plaintiff") served a subpoena for documents on non-party witness XPO Logistics Supply Chain, Inc.[2] ("XPO"). (Dkt. No. 41-1). Plaintiff requested XPO produce documents regarding XPO's investigation, or any third-party investigations, with respect to the accident involving Christopher J. Klosin on June 25, 2018 at the XPO Logistics facility in Lockport, New York. (*Id.*). Plaintiff also demanded records from

---

[1] The Court assumes the parties' familiarity with the background facts and procedural history in this case.
[2] Upon the consent of the parties, the matters of *Klosin v. E.I. du Pont de Nemours and Company* (1:19-CV-109-EAW-MJR) and *Mangine v. E.I. du Pont de Nemours and Company* (1:19-CV-110-EAW-MJR) were consolidated into one case under Docket No. 1:19-CV-109-EAW-MJR by Order of this Court dated September 16, 2020. (Dkt. No. 88).

defendant E.I. du Pont de Nemours and Company ("DuPont") including accident reports and records related to the June 25, 2018 accident, investigation documents performed by defendant or a third party, statements made by XPO or its agents and employees, and other documents related to the subject incident, subject container, and subject investigation. (Dkt. No. 41-2).

In response to the subpoena, non-party XPO asserted that various documents in its possession, including an Incident Investigation/Root Cause Analysis Report, were privileged from discovery under the attorney-client and work product privileges. The parties appeared before this Court on November 13, 2019, at which time the Court directed XPO to provide all documents pertaining to the accident listed on the privilege log for *in camera* review. (Dkt. No. 34). Counsel for XPO, Julie Bargnesi, Esq., provided such documents to the Court as directed. XPO also filed a memorandum of law regarding the privileged documents, along with the supporting declaration of Richard Valitutto, Esq., Senior Vice-President and General Counsel of XPO. (Dkt. Nos. 38, 39).

On January 10, 2020, plaintiff Klosin filed a memorandum of law in opposition to XPO's claim of privilege. (Dkt. No. 41). A reply memorandum from XPO was submitted by letter of Ms. Bargnesi dated January 17, 2020. Subsequently, plaintiff sought leave to file a sur-reply to XPO's brief on the basis that XPO had raised new arguments and factual claims. (Dkt. No. 44). Said leave was granted by text order, and plaintiff's sur-reply was filed on January 22, 2020. (Dkt. No. 46). On January 24, 2020, Ms. Bargnesi requested leave to file a response to plaintiff's request for privileged documents. The Court has considered XPO's supplemental memorandum in opposition and the accompanying

declaration and exhibits. XPO's reply and supplemental memoranda were subsequently filed on the docket. (Dkt. Nos. 52; 53).

On June 3, 2020, this Court issued a Decision and Order limited only to the Incident Investigation/Root Cause Analysis Report ("Incident Investigation Report") (Bates No. PRIV000149, dated January 30, 2019). (Dkt. No. 51). The Court concluded that the Incident Investigation/Root Cause Analysis Report is not protected by attorney client privilege or work product doctrine, and in the alternative is discoverable under Fed. R. Civ. P. 26(b)(3)(A), and ordered it be turned over to plaintiffs. XPO filed objections to the Decision and Order to Judge Wolford and sought a stay of the order to produce pending resolution of the objections. (Dkt. Nos. 55; 56; 67; 68). Judge Wolford set a briefing schedule for the objections and the motion is pending for her consideration. (Dkt. No. 69).

This Court has since completed *in camera* review of the remaining documents submitted by XPO. A determination of the privileged and non-privileged nature of the documents follows and the Court has enumerated each document to be produced.

## DISCUSSION

### *In Camera Document Review*[3]

Attorney-client privilege "protects confidential communications between client and counsel where such communications are made for the purpose of providing or obtaining legal advice." *HSH Nordbank AG N.Y. Branch v. Swerdlow*, 259 F.R.D. 64, 70 (S.D.N.Y. 2009). The three elements of attorney-client privilege under New York law are: "the existence of an attorney-client relationship; a communication made within the context of that relationship for the purpose of obtaining legal advice; and the intended and actual

---

[3] Copies of all documents and communications reviewed, *in camera*, by the Court will be retained and filed under seal in connection with this Decision and Order.

confidentiality of that communication." *Safeco Ins. Co. of Am. v. M.E.S. Inc.*, 289 F.R.D. 41, 46 (E.D.N.Y. 2011). The privilege is "limited to communications—not underlying facts," and the communications "must be primarily or predominately of a legal character." *Spectrum Sys. Int'l Corp. v. Chem. Bank*, 78 N.Y.2d 371, 377-78 (1991). The party asserting the attorney-client privilege bears the burden of establishing it. *People v. Mitchell*, 58 N.Y.2d 368, 373 (1983).

The work-product doctrine protects an attorney's thought-processes including "preparing legal theories, [and] planning litigation strategies and trial tactics." *Salomon Bros. Treasury Litig. v. Steinhardt Partners, L.P.*, 9 F.3d 230, 234 (2d Cir. 1993); *see* Fed. R. Civ. P. 26(b)(3). This "work product privilege," codified by Rule 26(b)(3), provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation. *Mercator Corp. v. United States (In Re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002)*, 2002 U.S. App. LEXIS 27853, *8 (2d. Cir. 2003). To that end, the Second Circuit has adopted a "causation" test for determining whether a document was prepared in anticipation of litigation. *United States v. Adlman*, 134 F.3d 1194, 1202-03 (1998). A party seeking to withhold a document must demonstrate that the document was created "because of" anticipated litigation. *Id.*

Primarily, the Court notes that much of the same reasoning explained in the Court's June 3, 2020 Decision and Order is applicable to the documents reviewed herein, particularly those categorized by XPO as "Investigation" and "Legal Advice on Remedial Action" documents. Consistent with that opinion, the Court orders production of all drafts of the Incident Investigation / Root Cause Analysis Report made prior to the final version, which was previously ordered to be turned over. Similarly, all photographs taken of the

accident scene and relevant to the shipping container, findings regarding improved unloading processes, employee training documents, job hazard worksheets, training records, and product handling publications and information are determined to be non-privileged. Additionally, communications between XPO and DuPont involving information requests and responses are determined to be non-privileged. The selection and compilation of these documents are determined to have been part of XPO's own investigation of the incident, not at the specific directive of counsel.

Further, many of the emails XPO asserts are privileged are merely internal communications between employees of XPO in response to the accident and investigation. Although XPO's counsel, namely Richard Valittuto or Mark Lies, are copied on many of these emails, the communications are not directly between attorney and client(s) and are not made for the purpose of obtaining or providing legal advice. "A document is not privileged merely because it was sent or received between an attorney and the client. The document must contain confidential communication relating to legal advice." See *Buxbaum v. St. Vincent's Health Servs.*, 3:12-CV-117, 2013 U.S. Dist. LEXIS 2246, *13-14 (D. Conn. Jan. 7, 2013) (quoting *Sokol v. Wyeth, Inc.*, 07-Civ-8442, 2008 U.S. Dist. LEXIS 60976, *5 (S.D.N.Y. Aug. 4, 2008)).

For these reasons and based on the *in camera* review, the Court orders that non-party XPO produce the following documents to plaintiffs **on or before January 13, 2021, unless objections are filed:**

| BATES NO. | ATTACHMENT |
|---|---|
| PRIV000240 | PRIV000241 |
| PRIV000243 | PRIV000244 |

| | |
|---|---|
| PRIV000344 | PRIV000345 - PRIV000347 |
| PRIV000120 | PRIV000121- PRIV000125 |
| | PRIV000184- PRIV000198 |
| | PRIV000360 |
| PRIV000106 | PRIV000107 |
| PRIV000016 | |
| PRIV000178 | PRIV000179 |
| PRIV000014 | PRIV000015 |
| PRIV000040 | |
| PRIV000007 | |
| PRIV000114 | |
| PRIV000005 | |
| PRIV000324 | PRIV000325 - PRIV000326 |
| PRIV000322 | PRIV000323 |
| PRIV000117 | PRIV000118 |
| PRIV000059 | |
| PRIV000328 | PRIV000329 |
| PRIV000126 | PRIV000127 - PRIV000140 |
| PRIV000200 | PRIV000201 - PRIV000206 |
| | PRIV00024899 |
| PRIV000068 | |
| PRIV000055 | |
| | PRIV000269 |
| PRIV000250 | |
| PRIV000028 | |

| | |
|---|---|
| PRIV000252 | |
| | PRIV000254 - PRIV000259 |
| | PRIV000021 - PRIV00027 |
| PRIV000062 | |
| PRIV000054 | |
| PRIV000061 | |
| PRIV000067 | |
| | PRIV000263 |
| PRIV000052 | |
| | PRIV000277 - PRIV000282 |
| | PRIV000274 |
| PRIV000060 | |
| PRIV000249 | |
| PRIV000352 | |
| PRIV000220 | PRIV000221 |
| PRIV000225 | |
| PRIV000224 | |
| PRIV000349 | |
| PRIV000226 | PRIV000227 - PRIV000231 |
| PRIV000353 | |
| | PRIV000237 |
| | PRIV000238 |
| | PRIV000334 |
| PRIV000215 | |
| PRIV000313 | |

| PRIV000312 | PRIV000314 |
|---|---|
|  | PRIV000319 - PRIV000320 |
|  | PRIV000295 - PRIV000296 |
|  | PRIV000149 |
| PRIV000285 |  |
| PRIV000350 |  |
| PRIV000159 |  |
| PRIV000165 |  |
| PRIV000163 |  |
| PRIV000160 | PRIV000161 - PRIV000162 |
| PRIV000164 |  |
| PRIV000056 |  |
| PRIV000057 |  |
| PRIV000058 |  |
| PRIV000042 |  |
| PRIV000099 | PRIV000100 |
| PRIV000072 | PRIV00073 - PRIV00075 |
| PRIV000142 | PRIV000143 - PRIV000146 |
|  | PRIV000085 - PRIV000095 |
| PRIV000083 |  |

The Court finds that the remaining documents submitted for *in camera* review contain legal advice or analysis protected by attorney-client privilege and/or are materials prepared in anticipation of litigation protected by the work product doctrine.[4] Thus, such documents do not have to be produced.

**SO ORDERED**.

Dated: December 29, 2020
Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge

---

[4] All documents categorized as "Litigation Hold" and "Responding to Subpoena on Current Case," with the exception of a draft incident report and numerous photographs discussed above, are accurately identified as privileged material by XPO.