UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KRISTINA R. KLOSIN, as Administrator of
the Estate of Christopher J. Klosin, Deceased

NANCY MANGINE, as Executrix of the                    DECISION and ORDER
Estate of Roger Mangine, Deceased
                                                       1:19-CV-00109-EAW-MJR

                              Plaintiffs,

        v.

E.I. DU PONT DE NEMOURS and COMPANY, *et al.*

                              Defendants.

_____

        This case has been referred to the undersigned by the Hon. Elizabeth A. Wolford

pursuant to 28 U.S.C. §636(b)(1) for supervision of discovery and procedural matters and

to handle all non-dispositive pre-trial motions and applications. Presently before the Court

are Plaintiff Klosin's motion to quash discovery demands, and motion for protective order,

(Dkt. No. 172) and Defendant DuPont's cross-motion to compel a response to those

discovery demands (Dkt. No. 177). For the reasons discussed below, the Court grants

Plaintiff's motion to quash and denies Defendant's motion compel.[1]

---

[1] The Court addresses these motions with a Decision and Order because motions to quash and motions to compel compliance with a subpoena or discovery demands are non-dispositive in nature. *See Erie Cty. DA's Office v. Gugino*, 21-CV-283, 2021 U.S. Dist. LEXIS 174741, at *2 (W.D.N.Y. Sept. 14, 2021); *Dieffenbauch v. Rhinehart R.R. Const.*, 17-CV-1180, 2021 U.S. Dist. LEXIS 23262, at *12-13 (N.D.N.Y. Feb. 8, 2021); *see also Arista Records LLC v. Doe*, 604 F.3d 110, 116 (2d Cir. 2010) ("Matters concerning discovery generally are 'nondispositive' of the litigation.").

## BACKGROUND[2]

This wrongful death action is proceeding pursuant to an amended Case Management Order entered on May 18, 2022. (Dkt. No. 185). The Court has previously held multiple discovery conferences and issued several decisions addressing various pre-trial matters. At this time, the parties have engaged in substantial discovery and have extended the deadlines in the amended Case Management Order a number of times. Currently, fact discovery is scheduled to end on October 14, 2022, and dispositive motions are to be filed by September 15, 2023. (*Id.*).

On December 2, 2021, Plaintiff Klosin filed with the Court correspondence regarding ongoing electronic discovery and production of electronically stored information ["ESI"]. (Dkt. No. 134). That filing included transcripts of audio recordings of two "meet and confer" telephone conferences held between the parties on March 2, 2021 and April 23, 2021. (*Id.*). On December 4, 2021, counsel for Defendant requested that counsel for Plaintiff Klosin provide a copy of the audio recordings from the ESI conferences. (Dkt. No. 177-1, ¶ 5). On January 19, 2022, Defendant DuPont served a second set of interrogatories and fourth request for production of documents on Plaintiff seeking information about the recording and memorialization of those conferences, as well as any subsequent deletion of the audio recordings. (Dkt. No. 177-1, ¶ 3). Plaintiff asked that Defendant withdraw the discovery demands and, when Defendant declined to do so, Plaintiff sent a written objection to the requests. (Dkt. No. 172-1, pg. 2). Although the

---

[2] The Court assumes the parties' familiarity with the background facts, procedural history, and prior decisions in this case.

parties submit that they attempted to resolve the dispute without judicial intervention, they were unable to do so, and these motions followed. (*Id.*).

On March 21, 2022, Plaintiff Klosin filed the instant motion to quash Defendant's second set of interrogatories and fourth request for production of documents and to grant a protective order pursuant to Rules 26(c)(1)(A) and 45(d)(3)(A) of the Federal Rules of Civil Procedure. (Dkt. No. 172). On May 5, 2022, Defendant filed a cross-motion seeking to compel Plaintiff Klosin's response to the interrogatories and request for production. (Dkt. Nos. 177). Defendant also filed a response in opposition to Plaintiff's motion to quash. (Dkt. No. 178). Plaintiff filed a reply on May 31, 2022. (Dkt. No. 186). At that time the Court considered the matter submitted for decision.

## DISCUSSION

The scope of discovery is described by the Federal Rules of Civil Procedure as follows:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(c). "Proportionality and relevance are 'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." *Kozak v. Office Depot, Inc.*, 16-CV-00943, 2020 U.S. Dist. LEXIS 178372, at *3 (W.D.N.Y. Sept. 28, 2020). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Condit v. Dunne*, 02-CV-9910, 225 F.R.D. 100, 105 (S.D.N.Y. 2004). At the same time, discovery has "ultimate and necessary

boundaries," and discovery of matter "not reasonably calculated to lead to discovery of admissible evidence is not within the scope of Rule 26(b)(1)." *Oppenheimer Fund v. Sander*, 437 U.S. 340, 351-52 (1978) (internal quotations omitted). A district court has broad discretion in determining relevance for discovery purposes. *Michael Kors, LLC v. Su Yan Ye*, 18-CV-2684, 2019 U.S. Dist. LEXIS 60057, at *5 (S.D.N.Y. Apr. 8, 2019).

A party from whom discovery is sought may move for a protective order in the court where the action is pending and a Court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense by forbidding the disclosure or discovery, specifying terms for disclosure or discovery, or by other enumerated actions. *See* Fed. R. Civ. P. 26(c)(1). Conversely, Rule 37 empowers a court to order sanctions for certain failures to participate in discovery. *See* Fed R. Civ. P. 37(d). Rule 37 provides, in part, that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if another party fails to answer an interrogatory or produce documents as requested. Fed. R. Civ. P. 37(a)(3)(B). "In a motion to compel discovery, it is incumbent upon the moving party to provide the necessary linkage between the discovery sought and the claims brought and/or defenses asserted in the case." *Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.P.A.*, 09-CV-601, 2009 U.S. Dist. LEXIS 104020, at *7 (E.D.N.Y. Nov. 9, 2009).

Here, the demands in dispute are Defendant's second set of interrogatories and fourth request for production of documents. Defendant's request for production seeks, *inter alia*: (1) the complete original native audio recordings, and copies of the recordings, of the ESI conferences held on or about March 2, 2021 and April 23, 2021, between counsel for the parties and their respective experts; (2) all emails, memorandums, letters,

notes, etc., directing anyone at the office of counsel for Plaintiff Klosin to destroy any portion of the audio recordings of those conferences; (3) the CV and/or resume of the person(s) who transcribed any portion of the audio recordings of those conferences; (4) all documents identifying the date that the original audio recordings of those conference were destroyed; (5) the original electronic device used to record those conferences. Defendant's interrogatories seek, *inter alia*: (1) identification of the person who made the decision to record the ESI conferences held on March 2, 2021 and April 23, 2021; (2) identification of the make, model, and year of the device used to record any part of those conferences; (3) identification of the person(s) who transcribed the audio recordings of those conferences and whether that person is employed by counsel for Plaintiff Klosin; (4) information about the circumstances of the destruction of those audio recordings; (5) dates that counsel for Plaintiff Klosin recorded a conversation with any expert for Defendant; (6) identification of the person(s) who transcribed any portion of the audio recordings of those conferences; and (7) description of the step taken, if any, to recover or retrieve the audio recordings of the conferences.

Plaintiff Klosin moves to quash the interrogatories and request for production, and for entry of a protective order to preclude discovery of the demands, on the grounds that they are: (1) not relevant to any party's claim or defense nor proportional to the needs of the case, and (2) of a personal nature meant to embarrass Plaintiff's counsel. (Dkt. No. 172-1, pgs. 3-6). Plaintiff's counsel, Melissa Wischerath, Esq., explains that she "typically record[s] calls with technical consultants for note keeping purposes." (Dkt. No. 172-1, pg. 3). Because the "meet and confer" telephone calls included technical consultants and discussion of the how ESI searches would be conducted, she recorded the calls and had

the audio recordings transcribed. (*Id.*). She submits that the sought-after information has no bearing on the future admissibility of evidence relevant to the case.[3]

In support of its motion to compel, Defendant maintains that it is entitled to discovery concerning how and why the conferences were recorded, transcribed, and preserved. (Dkt. No. 178, pg. 3). Defendant argues that the demands within the second set of interrogatories and fourth request for production are relevant to establish and demonstrate Defendant's position on ESI discovery. (*Id.*, pg. 9). Defense counsel contends that there are errors in the transcripts of the telephone conferences which inaccurately portray Defendant's position on ESI discovery issues and may become relevant if further disputes concerning ESI arise. (*Id.*) Counsel denies that the demands are not intended to harass or embarrass counsel for Plaintiff.

Even in view of the broad scope of discovery provided by Rule 26, the Court finds that Defendant's demands are not relevant and proportional to the needs of the case. The extensive demands relate entirely to events which occurred between counsel for the parties in the process of planning and coordinating the logistics of electronic discovery. They do not implicate any question relevant to a claim or defense in this wrongful death suit and it is highly unlikely that discovery of this information would lead to admissible evidence. Defendant relies on the district court cases of *Woelfle v. Black & Decker (U.S.) Inc.* and *Mills v. Energy Transp. Corp.* for the point that "discovery is neither limited to the

---

[3] Plaintiff's counsel also argues that Defendant's demands seek information which is no longer available. Ms. Wischerath states that the audio recordings of the ESI conferences were deleted before Defendant's discovery demands were made. She specifies that her law firm, Lipsitz Green Scime Cambria, LLP, uses dictation software called "Big Hand" which is set to automatically delete a digital recording after it is transcribed. Ms. Wischerath affirms that the recordings longer exist, and she was not involved in their deletion. (Dkt. No. 186-1).

issues raised by the pleadings, nor to the merits of the case." *See* 18-CV-486, 2020 U.S. Dist. LEXIS 43308, at *11 (W.D.N.Y. Mar. 12, 2020) and 96-CV-4828, 1997 U.S. Dist. LEXIS 20584, at *5 (S.D.N.Y. Dec. 30, 1997) (quoting *Oppenheimer*, 437 U.S. at 351). Indeed, the Supreme Court has explained that there are a variety of fact-oriented issues, such as those related to jurisdiction and venue, or determination of class action certification, which may arise during litigation that are not related to the merits of a case but still within the bounds of permissible discovery. *See Oppenheimer*, 437 U.S. at 351 n.13. Here, however, the discovery requests do not fit any category of permissible uses. The facts of how and why Ms. Wischerath made a recording of the conference between the parties' legal counsel and their technical consultants is irrelevant and unnecessary to defend against these claims. None of Defendant's interrogatories or production requests are reasonably calculated to lead to the discovery of evidence necessary to resolving the causes of action in this case. In fact, Defendant does not claim to seek information reasonably calculated to lead to admissible evidence; instead arguing only that the discovery is needed to establish Defendant's position on ESI discovery. Thus, the Court concludes that Defendant has not met its burden to link the discovery sought to the claims or defenses asserted in the case.[4]

---

[4] Plaintiff also argues that Defendant has exceeded the number of interrogatories allowed under the Federal Rules with its second set of interrogatories. Rule 33(a)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve no more than 25 written interrogatories, including all discrete subparts. Leave to search additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 33(a)(1). "The party seeking leave to serve more than 25 interrogatories 'must set forth a 'particularized showing' to exceed the limit." *Black v. Buffalo Meat Serv., Inc.*, 15-CV-49, 2016 U.S. Dist. LEXIS 108526, 2016 WL 4363506, at *7 (W.D.N.Y. Aug. 16, 2016) (citations omitted). Defendant has apparently exceeded the limit of Rule 33 – having propounded 41 interrogatories in its first set of interrogatories and now seeking responses to 18 additional interrogatories. Defendant has not sought leave to serve additional interrogatories. Nonetheless, as the Court has determined that the challenged interrogatories are not relevant under Rule 26(b)(1) and Plaintiff's response shall not be compelled, it is unnecessary to reach Plaintiff's secondary argument.

Although Defendant contends that the transcripts prepared by Ms. Wischerath's firm are inaccurate and misrepresent defense counsel's position on ESI discovery, there are currently no disputes about electronic discovery and no motions before the Court on such matters. If either party were to raise a future objection as to the scope, search protocols, or any other issue relative to electronic discovery, the Court would refrain from considering the purported transcription records without proof of their authenticity and accuracy.

## **CONCLUSION**

For these reasons, Plaintiff Klosin's motion to quash (Dkt. No. 172) is granted and Defendant's cross-motion to compel discovery (Dkt. No. 177) is denied. It is hereby ordered that the entirety of Defendant's second set of interrogatories and fourth request for production of documents is quashed. In the Court's discretion, the parties shall each bear their own costs.

**SO ORDERED**.

Dated: July 20, 2022
Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge