UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KRISTINA R. KLOSIN, as Administrator of
the Estate of Christopher J. Klosin, Deceased

NANCY MANGINE, as Executrix of the          DECISION and ORDER
Estate of Roger Mangine, Deceased
                                            1:19-CV-00109-EAW-MJR

                        Plaintiffs,

v.

E.I. DU PONT DE NEMOURS and COMPANY, et al.

                        Defendants.
_____

This case has been referred to the undersigned by the Hon. Elizabeth A. Wolford pursuant to 28 U.S.C. §636(b)(1) for supervision of discovery and procedural matters and to handle all non-dispositive pre-trial motions and applications. Presently before the Court are non-party XPO Logistics' motion to quash a deposition notice (Dkt. No. 208) and Plaintiff's cross-motion to compel compliance with its demands (Dkt. No. 221).[1] For the reasons discussed below, the Court grants XPO's motion to quash in part and denies it in part, and grants Plaintiff's motion compel in part and denies it in part.[2]

---

[2] The Court addresses these motions with a Decision and Order because motions to quash and motions to compel compliance with a subpoena or discovery demands are non-dispositive in nature. *See Erie Cty. DA's Office v. Gugino*, 21-CV-283, 2021 U.S. Dist. LEXIS 174741, at *2 (W.D.N.Y. Sept. 14, 2021); *Dieffenbauch v. Rhinehart R.R. Const.*, 17-CV-1180, 2021 U.S. Dist. LEXIS 23262, at *12-13 (N.D.N.Y. Feb. 8, 2021); *see also Arista Records LLC v. Doe*, 604 F.3d 110, 116 (2d Cir. 2010) ("Matters concerning discovery generally are 'nondispositive' of the litigation.").

## BACKGROUND[3]

On or about October 11, 2022, plaintiff Kristina R. Klosin, as Administrator of the Estate of Christopher J. Klosin,[4] ("plaintiff") served an amended Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6) on non-party witness GXO Logistics Supply Chain, Inc. (f/k/a XPO Logistics Supply Chain, Inc.) (referred to as "XPO" or "GXO"). (Dkt. No. 210-1). With this notice, Plaintiff demanded that XPO designate a knowledgeable person to provide deposition testimony on XPO's behalf about six specified topics relevant to this litigation. (*Id.*).

In response, XPO moved for a protective order pursuant to Fed. R. Civ. P. 26(c) to quash Plaintiff's deposition notice in its entirety. (Dkt. No. 208). XPO filed a memorandum and declaration in support of its motions. (Dkt. No. 209; 210). Plaintiff responded in opposition and cross-moved to compel XPO to designate a Rule 30(b)(6) witness to fully and completely testify on all topics at deposition (Dkt. No. 221). XPO filed a reply memorandum. (Dkt. Nos. 224; 225).

On December 12, 2022, Defendant DuPont filed a notice of settlement advising this Court that it had reached a settlement of this action with Plaintiff Klosin only. (Dkt. No. 227). By letter of the same date, counsel for Plaintiff Nancy Mangine advised that he intended to go forward with argument on several pending motions. (Dkt. No. 228). Plaintiff Mangine subsequently filed an affirmation stating her intent to join the instant cross-

---

[3] The Court assumes the parties' familiarity with the background facts, procedural history, and prior decisions in this case.

[4] Upon the consent of the parties, the matters of *Klosin v. E.I. du Pont de Nemours and Company* (1:19-CV-109-EAW-MJR) and *Mangine v. E.I. du Pont de Nemours and Company* (1:19-CV-110-EAW-MJR) were consolidated into one case under Docket No. 1:19-CV-109-EAW-MJR by Order of this Court dated September 16, 2020. (Dkt. No. 88).

motion previously brought by Plaintiff Klosin and adopt the arguments opposing XPO's motion to quash. (Dkt. No. 233).

On January 5, 2023, the Court heard oral argument on the motion to quash and cross-motion to compel. At that time, the Court considered the matter submitted for decision.

## DISCUSSION

### *Fed. R. Civ. P. 30(b)(6)*

The Federal Rules provide that in a notice or subpoena directed to an organization, a party may name as the deponent a corporation or other entity and must describe the matters for examination. Fed. R. Civ. P. 30(b)(6). The named organization must then designate one or more officers, directors, or other person who consent to testify on its behalf. *Id.* Rule 30(b)(6) is subject to the limitations on depositions imposed by Fed. R. Civ. P. 26(b)(2)(c). These limitations include the obligation of the Court to limit the frequency or extent of discovery if: (i) the discovery is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; and (3) the proposed discovery is outside the scope permitted by Rule 26(b)(1). *Id.* The Rules further provide that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon motion of the party or person from whom discovery is sought. Fed. R. Civ. P. 26(c)(1).

Despite these limitations, the scope of discovery is intended to be broad and Rule 26(b)(1) allows parties to obtain discovery regarding "any nonprivileged matter that is

3

relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." In general, motions for protective orders "seeking to prevent the taking of a deposition [are] regarded unfavorably by the courts." *EEOC v. Freeman*, CV-09-2573, 2012 U.S. Dist. LEXIS 86198, at *3 (D. Md. June 21, 2012) (internal citations omitted). Such orders "should be rarely granted absent extraordinary circumstances;" therefore, the moving party bears a "heavy burden." *Id.*

Rule 30(b)(6) serves several purposes. First, the Rule was designed to simplify problems lawyers seeking corporate testimony faced due to the difficulty of figuring out whether a corporate agent was a "managing agent" qualified to testify for the organization. *FTC v. Am. Future Sys.*, 2:20-CV-02266, 2022 U.S. Dist. LEXIS 81708, at *3-4 (E.D. Penn. April 8, 2022) (citing Joint Advisory Committee Notes on 1970 amendments to Rule 30(b)(6)). Second, the Rule purported to curb the practice of "bandying," a tactic by which corporate executives tried to avoid revealing damaging evidence by giving vague or contradictory testimony. *Id.* Rule 30(b)(6) addressed this problem by requiring the company to choose witnesses with knowledge whose testimony would be considered binding upon the organization. *Id.* Third, the Rule was designed "to promote efficient discovery by eliminating the need for lawyers to waste time and money deposing multiple corporate employees to find the ones with pertinent information by making the company responsible for identifying witnesses with knowledge of relevant subject matter." *Id.*

4

### Plaintiff's 30(b)(6) Notice

Plaintiff's amended Notice of Deposition required XPO to designate and prepare one or more of its officers, directors, managing agents or other persons with knowledge "to testify regarding the following designated matters and as to such information that is known or reasonably available to the organization:"

1. All policies and procedures for loading and/or unloading Zodiaq from 2015 to the present;

2. The circumstances of problems with loading and/or unloading Zodiaq from 2015 to the present;

3. The guidance, polic[i]es and/or procedures related to the loading and unloading of Zodiaq from 2015 to the present supplied by E.I. DU PONT DE NEMOURS AND COMPANY;

4. Communication (written and oral) between E.I. DU PONT DE NEMOURS AND COMPANY and XPO Logistics regarding problems loading and/or unloading Zodiaq from 2015 to the present;

5. The lease and/or contract agreement(s) between XPO AND DUPONT from 2015 to the present for 4890 IDA Park Drive, Lockport, New York 14094 as it relates to the ownership and operations involving Zodiaq; and

6. Communication (written and oral) between E.I. DU PONT DE NEMOURS AND COMPANY and XPO LOGISTICS regarding the investigation(s) of the subject incident undertaken by DuPont and XPO, including the coordination of respective investigations.

(Dkt. No. 210-1).

### Application

XPO asserts that Plaintiff's 30(b)(6) deposition notice is improper for several reasons. First, XPO argues that Plaintiff's notice seeks information that can be obtained from a known witness. Second, XPO argues that the burden of Plaintiff's request outweighs its likely benefit, in part because the information sought is duplicative and cumulative of other discovery already obtained, and in part, because Plaintiff has had

ample opportunity to depose two other identifiable witnesses on these topics. Third, XPO argues that Plaintiff's notice improperly seeks privileged information, namely, subject matter previously ruled privileged or protected by the Judge Wolford. Lastly, XPO argues that it has no obligation to respond to the notice topic that concerns its communications with DuPont about investigation of the accident on the basis that XPO lacks knowledge to respond.

Initially, counsel for Plaintiff has advised the Court of Plaintiff's intent to withdraw paragraph 5 of the 30(b)(6) notice which relates to the lease or contract agreement between XPO and DuPont for the Lockport warehouse. Accordingly, XPO's motion to quash paragraph 5 of the deposition notice is denied as moot.

Next, XPO objects to Plaintiff's attempt to seek information from "2015 to the present" for each of the specified deposition topics. At oral argument, Plaintiff conceded that a designated time period of "2016 to the present" was appropriate based on the date upon which XPO took over operations at the Lockport facility. In light of the agreement of the parties on this issue, the Court orders that all references to year 2015 in the deposition notice shall be deemed amended to indicate year 2016.

XPO's central argument is that paragraphs 1 through 4 of Plaintiff's notice seek information which has already been received or which Plaintiff has already had ample opportunity to obtain from known sources. Specifically, XPO submits that Plaintiff has access to information about these topics through document production and depositions of XPO Logistics' General Manager John Robbins and DuPont's Technology Guardian Jean-Erik Sylvain. From the Robbins deposition, Plaintiff has learned the identities of two additional witnesses, Christian Calderon (Robbins' predecessor at XPO) and Kevin Norek

(XPO Lockport Operations Manager), both of whom, XPO asserts, are knowledgeable about the loading and unloading of Zodiaq quartz slabs during the relevant time. In addition, XPO argues that Plaintiff had the opportunity to question six XPO employees who were already deposed about the loading and unloading of Zodiaq quartz slabs during the entire period of XPO's relationship with DuPont. XPO submits that Plaintiff failed to ask those witnesses about specific incidents for which they had documentation.

Plaintiff responds that written discovery is not a substitute for a 30(b)(6) deposition. Plaintiff also argues that deposition of a corporate designee is necessary to curb the practice of bandying and to reduce the time and expense involved in deposing multiple corporate witnesses to obtain pertinent information. Plaintiff stresses that because this case has not followed a typical path through discovery, involving extensive motion practice between parties and non-parties, as well as significant delays, the import of this 30(b)(6) deposition is heightened. Plaintiff argues that such a deposition is in keeping with the purposes of the Rule 30(b)(6), and particularly necessary under these circumstances, to ensure that Plaintiff has obtained the full extent of XPO's knowledge on these topics.

XPO's assertion that this Rule 30(b)(6) notice is contrary to the purposes of the Rule is unconvincing. The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents. *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996). The designated witness is "speaking for the corporation," and this testimony must be distinguished from that of a "mere corporate employee" whose deposition is not considered that of the corporation. *Id.* The 30(b)(6) designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions and the corporation's interpretation of documents and

events. *Id.* Importantly, 30(b)(6) testimony binds the corporation and is distinct from the deposition of an employee, which is not binding on the corporation. *See Cipriani v. Dick's Sporting Goods, Inc.*, 3:12-CV-910, 2012 U.S. Dist. LEXIS 164721, at *5 (D. Conn. Nov. 19, 2012) (citing *New Jersey v. Sprint Corp.*, 03-2071, 2010 U.S. Dist. LEXIS 14890 (D. Kan. Feb. 19, 2010)).

Unlike the cases of *TL Constr. Mgmt., LLC v. City of Green Bay*, 19-C-1077, 2020 U.S. Dist. LEXIS 242441 (E.D. Wisc. Dec. 28, 2020) and *Doxtator v. O'Brien*, 19-C-137, 2020 U.S. Dist. LEXIS 121445 (E.D. Wisc. July 10, 2020), relied on by XPO, the 30(b)(6) topics identified here relate to XPO's institutional policies and procedures, guidance received from DuPont, and instances of past loading problems, rather than facts within the subjective personal knowledge or recollection of any specific witnesses. The topics also include communications between defendant DuPont and XPO about other incidents of loading or unloading problems, which are comprehensively within the knowledge and records of the corporation, rather than any individual employee. XPO's obligation to prepare a corporate witness on these topics certainly does not require XPO "to be pressed into the role of a private investigator for the plaintiff," as was described in *TL Construction*. *See* 2020 U.S. Dist. LEXIS 242441, at *6.

As explained by the Connecticut District Court in *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010), "a party should not be prevented from questioning a live corporate witness in a deposition setting just because the topics proposed are similar to those contained in documents provided or interrogatory questions answered." Further, courts have allowed 30(b)(6) depositions in order to obtain testimony binding on the corporation even though that testimony was likely to essentially duplicate information

which had already been stated in an individual deposition. *Id.*; *see also Sprint Corp.*, 2010 U.S. Dist. LEXIS 14890, at *9-10 ("Even if the substance of the information ultimately provided mirrors that of the testimony given by Sprint's former directors and employees, plaintiff still is entitled to tie down the definitive positions of Sprint itself, rather than that of the individuals who work for Sprint."). Although Plaintiff has had the opportunity to depose Robbins and other XPO employees about the circumstances of the subject accident and past loading problems, none of those witnesses were examined as corporate designees, and thus, none were able to provide relevant testimony on XPO's behalf.

Further, the Court rejects XPO's assertion that testimony from a corporate designee is unnecessary because no bandying or gamesmanship has occurred here. As XPO is aware, currently before this Court is a motion brought by Plaintiff seeking sanctions against Defendant DuPont for alleged discovery abuses, including failing to disclose DuPont's own investigation into the subject incident and misrepresenting the extent of DuPont and XPO's communications about XPO's investigation. (*See generally* Dkt. No. 193). These allegations indicate that Plaintiff's concerns of bandying or gamesmanship are reasonably justified, even if such conduct is not attributable to XPO directly. In this regard, Plaintiff's need to obtain XPO's corporate position and the full extent of the corporation's knowledge on the specified topics is amplified.

The facts here are distinguishable from those in *Jones v. Hernandez* and *Willy v. Sherwin-Williams Co.*, which XPO cites for that proposition that "when the identities of percipient witnesses are readily available, no risk of bandying exists, and [such] individual percipient witnesses are the proper deponents." *See Jones*, 16-CV-1986, 2018 U.S. Dist.

LEXIS 10930, at *8 (S.D. Ca. Jan. 23, 2018). In *Jones*, the plaintiff sought 30(b)(6) deposition testimony from the government about the circumstances of his detention in a border patrol facility, including information about "nuanced factual events" such as plaintiff's requests for an attorney and medical attention, and details about the activities of agents who were on duty during his detention. *Id.* In granting defendants' request for a protective order, the court explained that this was because "the nature of this topic requires the deponent to have intricate personal knowledge or to personally investigate and interview an unknown number of percipient witnesses in detail and then testify about the personal experiences of multiple witnesses." *Id.* In *Willy v. Sherwin-Williams Co.* the court found a 30(b)(6) notice to be disproportionate to the needs of an employment discrimination case because the defendant had already produced the information sought and had identified the supervisory employees who participated in relevant conversations. *See* 3:21-CV-54, 2022 U.S. Dist. LEXIS 88454, at *13-15 (D. Or. May 17, 2022). There, the court was concerned with the sheer number and breadth of the 50-plus deposition topics which plaintiff had designated and then refused to narrow despite detailed objections by defendant. *Id.*, at *12-13. The court described the deposition request as "particularly abusive" under the circumstances; opining that plaintiff's failure to depose *any* fact witnesses did not entitle him to burden defendant with the task of preparing a corporate designee to discuss "virtually every facet" of plaintiff's case. *Id.*, at *14-15.

In contrast to both *Jones* and *Willy*, Plaintiff here seeks corporate testimony on a narrow set of topics which are plainly within the organization's knowledge. Further, although XPO objects to Plaintiff's failure to depose two identified employees who are familiar with the topic of loading and unloading slabs, it cannot be said that Plaintiff is

10

attempting to transfer the task of discovery in her case to XPO. Plaintiff has already deposed several fact witnesses and now seeks to obtain 30(b)(6) testimony to verify that she has learned the extent of XPO's knowledge on the designated topics and understands the meaning of all documents produced by XPO.

Accordingly, the Court rejects XPO's contention that the discovery sought in paragraph 1-4 of Plaintiff's 30(b)(6) notice should be quashed as duplicative and cumulative of deposition testimony already taken or discovery already received, or because of prior opportunity to depose other identifiable witnesses. XPO has not shown that the deposition notice creates undue burden and XPO's motion to quash is therefore denied in this regard.

However, to the extent questioning on these topics involves disclosure of or reference to communications or documents which were already determined to be covered by attorney-client privilege and/or work-product protections by Judge Wolford or this Court, XPO's designee may assert privilege and shall not be required to respond. XPO's deposition responses regarding its knowledge of subsequent remedial measures taken or subsequent accidents will be required (1) if they are not asserted to be protected by privilege; (2) if they do not necessitate disclosure of information previously excluded from XPO's production of documents; or (3) if such responses involve privileged communications which XPO knows were shared beyond the confines of privilege or work-product protections. The Court notes that although evidence of subsequent remedial measures may not be admissible at trial, the mere fact that documentary or testimonial

evidence relates to a remedial measure does not render it undiscoverable.[5] Nor is evidence of a remedial measure privileged by its nature.

XPO's motion to quash is further denied with regard to paragraph 6 of Plaintiff's 30(b)(6) notice, which seeks testimony about communications between DuPont and XPO Logistics regarding investigation of the subject incident, including coordination of the respective investigations. XPO moves to quash on the basis that it does not possess knowledge of on this topic. To the contrary, XPO has represented to this Court that it did not communicate with DuPont regarding the contents of its investigation nor provide DuPont a copy of its own investigative report. At the same time, DuPont has produced to Plaintiff declarations and email records which suggest that certain communications did occur between XPO and DuPont employees regarding the coordination of investigations, the findings, or both. These include an August 16, 2018 email from Julie J. Eaton, Corian Design Global Business Director at DuPont, to another DuPont employee, Marc Doyle, which suggests that XPO shared at least a portion of its investigative findings with DuPont employees. (See Dkt. No. 217, pg. 5) ("I wanted to provide you with an update on the

---

[5] In general, evidence of remedial measures is not discoverable or admissible to prove culpability in negligence cases. See Graham v. Kone, Inc., 130 A.D.3d 779 (2d Dep't 2015); Fed. R. Evid. 407 ("When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction."). However, Rule 407 provides that proof of such measures is admissible for a variety of other reasons, including showing ownership, control, or feasibility of precautionary measures, if controverted, or for impeachment purposes. See Farmington Cas. Co. v. 23rd St. Props. Corp., 98-CV-3597, 1998 U.S. Dist. LEXIS 17077, at *3 (S.D.N.Y. Oct. 27, 1998). Where documents or information requested appear reasonably calculated to lead to the discovery of admissible evidence, and are relevant and not privileged, they are properly discoverable. Id.; see also Mull v. City of New York, 08-CV-8854, 2010 U.S. Dist. LEXIS 48399, at *6 (S.D.N.Y. Apr. 30, 2010) ("Of course, the admissibility of Defendants' post-incident uses of force is not yet ripe for the Court's consideration. It is axiomatic that evidence need not be admissible in order to be discoverable. At this juncture, the only question is whether Plaintiff's request that they be produced is "reasonably calculated to lead to the discovery of admissible evidence.") (in the context of Rule 404(b) prior act evidence). Here, ownership and control over the shipping and packaging of the container where the accident occurred is a central issue, therefore information related to subsequent changes to those procedures is reasonably likely to lead to admissible evidence under one or more exceptions to Rule 407.

quartz slab incident at Lockport. XPO has conducted their internal investigation. There were 5 findings. 1 of the 5 findings was to understand the policies and procedures from DuPont for handling of quartz containers. We completed an information request and have not heard back from XPO at this time.). The declarations of Jean-Erik Sylvain and Sarah DiLuzio, Esq., Chief Litigation Counsel for DuPont, also reflect communications between the two entities about the investigation, certain findings, and the resumption of quartz slab processing. (*See* Dkt. Nos. 223-33; 223-39). Accordingly, unless privilege over a specific communication is asserted, XPO's corporate designee shall provide testimony about relevant communications with DuPont or its knowledge about the lack of such communication.

## CONCLUSION

For these reasons, non-party XPO Logistics' motion to quash (Dkt. No. 208) is granted in part and denied in part. Plaintiff's cross-motion to compel (Dkt. No. 221) is similarly granted in part and denied in part.

Non-party XPO Logistics is hereby ORDERED to designate a representative to testify on these matters, as delineated above, at a deposition to be held within 30 days of the date of entry of this Decision and Order.

SO ORDERED.

Dated: January 30, 2023
Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge