UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KRISTINA R. KLOSIN, as Administrator
of the Estate of Christopher J. Klosin,
deceased, and NANCY MANGINE,
as Executrix of the Estate of
Roger Mangine, deceased,

                Plaintiffs,                **DECISION AND ORDER**

    v.                                       1:19-CV-00109 EAW

E.I. DU PONT DE NEMOURS AND
COMPANY, WANFENG COMPOUND
STONE TECHNOLOGY CO. LTD.,

                Defendants.
_____

        Kristina R. Klosin ("Plaintiff Klosin") commenced this action against defendants E.I. du Pont de Nemours and Company ("DuPont") and Wanfeng Compound Stone Technology Co. Ltd., for damages stemming from the death of her husband on June 25, 2018, from an incident that occurred at the Lockport, New York facility of non-party XPO Logistics Supply Chain, Inc. (Dkt. 1-2 at 4-7; Dkt. 42). Nancy Mangine ("Plaintiff Mangine") filed a similar case for the death of her husband in the same incident, and on September 16, 2020, these cases were consolidated. (Dkt. 88).

        On August 12, 2022, Plaintiff Mangine filed a motion to strike DuPont's answer as a sanction for discovery-related violations. (Dkt. 193). Also on August 12, 2022, DuPont filed a motion for a protective order concerning the production of documents and deposition testimony related to the issues of subsequent remedial measures and/or

subsequent accidents. (Dkt. 194). On August 19, 2022, Plaintiff Klosin filed a cross-motion to compel and for sanctions in opposition to DuPont's motion for a protective order. (Dkt. 196). On February 14, 2023, United States Magistrate Judge Michael J. Roemer issued a Report and Recommendation and Order, recommending that the motion to strike DuPont's answer be denied without prejudice and ordering that DuPont's motion for a protective order be denied and Plaintiff Klosin's cross-motion to compel and for sanctions be granted. (Dkt. 243).

Pursuant to 28 U.S.C. § 636(b)(1), the parties had 14 days to file objections to any dispositive aspect of the Report and Recommendation—which is limited to the recommendation that the motion to strike DuPont's answer be denied.[1] No objections were filed to Magistrate Judge Roemer's recommendation to deny the motion to strike the answer without prejudice. The Court is not required to review *de novo* those portions of a report and recommendation to which objections were not filed. *See Mario v. P & C Food*

---

[1] There is an argument that because Magistrate Judge Roemer has recommended denying the request to strike the answer, his decision in that regard is not dispositive. *See Steele v. Costco Wholesale Corp.*, No. 03CV0713(NG)(MDG), 2005 WL 1068137, at *2 (E.D.N.Y. May 6, 2005) ("When a party brings a motion for discovery sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether the decision is dispositive. If a moving party requests a dispositive sanction, but the magistrate judge declines to impose it, the judge's decision is governed by Rule 72(a)." (citations omitted)). However, because the caselaw on the issue is not crystal clear, the Court will treat the recommendation to deny the motion to strike the answer as dispositive without definitively resolving that issue. *See A.W.S. v. Southampton Union Free Sch. Dist.*, No. 219CV889DRHARL, 2022 WL 1166422, at *2 (E.D.N.Y. Apr. 20, 2022) (explaining that the issue is not clear and noting that in *Kiobel v. Millson*, 592 F.3d 78 (2d Cir. 2010), "the Second Circuit panel declined to answer the question, instead opting for three irreconcilable concurrences").

*Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure [to timely] object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

Notwithstanding the lack of objections, the Court has conducted a careful review of the Report and Recommendation, as well as the prior proceedings in the case. Based on that review, the Court finds no reason not to adopt Magistrate Judge Roemer's recommendation to deny Plaintiff Mangine's motion to strike DuPont's answer without prejudice. Accordingly the Report and Recommendation (Dkt. 243) recommending denial without prejudice of Plaintiff Mangine's motion to strike DuPont's answer (Dkt. 193) is adopted.

On February 28, 2023, DuPont filed objections pursuant to Fed. R. Civ. P. 72(a) to the portions of Magistrate Judge Roemer's Order awarding the imposition of other sanctions, including payment or costs, expenses, and attorneys' fees associated with various depositions, and compelling the production of documents it alleges are protected by the attorney-client and work product privileges. It also moves to stay its obligation to comply with the directives in Magistrate Judge Roemer's Order until the undersigned can rule on the objections. Responses to DuPont's objections and motion to stay shall be due on or before **March 17, 2023**. Replies are due on or before **March 24, 2023**. Upon review of the papers, the Court will determine if oral argument is necessary and, if so, will inform the parties of the date and time. Otherwise, the matter will be deemed submitted and decided on the papers.

- 4 -

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  March 3, 2023
        Rochester, New York